IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CRISTIANO PAEZ,

        Plaintiff,

vs.

CARPACCIO, INC., a Florida corporation,
and TOM BILLANTE, individually,

        Defendants.
_____/

## COMPLAINT FOR VIOLATIONS OF
## THE FAIR LABOR STANDARDS ACT

    COMES NOW Plaintiff CRISTIANO PAEZ ("Plaintiff"), by and through his undersigned counsel, and files this Complaint for Violations of the Fair Labor Standards Act against Defendants CARPACCIO, INC., a Florida corporation, (hereinafter "CARPACCIO"), and TOM BILLANTE, individually (hereinafter "BILLANTE"), and alleges as follows:

### GENERAL ALLEGATIONS

    1.    Plaintiff, who was employed by Defendant CARPACCIO from January 3, 2008 through February 3, 2009, brings this action to redress the deprivation of rights secured to Plaintiff by the minimum wage and maximum hour provisions and to recover unpaid minimum wages and overtime compensation, liquidated damages, attorney's fees and costs pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201(b), et seq. (hereinafter the "FLSA").

2. Jurisdiction of this action is conferred on this Court by 29 U.S.C. §216(b) and by the provisions of 28 U.S.C. §1337 relating to "any civil action or proceeding arising under an act of Congress regulating commerce."

3. Venue is proper with this Court because the acts and omissions set forth herein occurred within the territorial jurisdiction and district of this Court.

4. At all times material hereto, the Plaintiff was a resident of the County of Miami-Dade, Florida.

5. At all times material hereto, Defendant CARPACCIO was a corporation doing business in Florida with its business address at 9700 Collins Avenue, #139, Bal Harbour, Florida 33154 in Miami-Dade County, Florida, within the jurisdiction and district of this Court, and is engaged in the operating a restaurant in Miami-Dade County, Florida, within the jurisdiction and district of this Court.

6. Plaintiff is informed and believes that at all times material hereto, Defendant BILLANTE was a resident of the County of Miami-Dade, State of Florida.

7. At all times material hereto, Defendant BILLANTE was an officer and/or an administrator or manager of Defendant CARPACCIO and a direct or indirect supervisor and employer of Plaintiff within the meaning of 29 U.S.C. §203(d) in that Defendant BILLANTE acted directly in the interest of Defendant CARPACCIO in relation to its employees, including Plaintiff.

8. During the time period from January 3, 2008 through February 3, 2009, Defendant CARPACCIO employed Plaintiff as an "at-will", nonexempt, server in the Defendant's restaurant operations in Miami-Dade County, Florida.

9. Plaintiff is informed and believes and hereby alleges that during the relevant time periods material hereto, Defendant CARPACCIO's gross annual revenues were in excess of $500,000.00.

10. At all times material hereto, Defendant CARPACCIO was engaged in interstate commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(j), 203(r), 203(s) 206(a) and 207(a). Specifically, at all times material hereto, Defendant's employees handled goods and materials that were produced or moved in interstate commerce.

11. By reason of the foregoing, Defendant CARPACCIO was all times hereafter mentioned engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

12. At all times material hereto, Plaintiff, in performing his job duties, was engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(o), 203(r), 203(s), 206(a) and 207(a). The work performed by Plaintiff was directly essential to the business of Defendant CARPACCIO, i.e., working as a server in Defendant's restaurant operations, which was directly essential to the business operated by Defendant.

13. At all times material hereto, Plaintiff did not have a clear understanding as to how he was to be compensated with respect to his work.

COUNT I
VIOLATION OF MINIMUM WAGE PROVISIONS OF THE
FAIR LABOR STANDARDS ACT BY DEFENDANTS

14. Plaintiff realleges and reaffirms Paragraphs 1 through 13 as if fully set out in this Count I.

15. During the period of time from January 3, 2008 to February 3, 2009, every week and sometimes twice per week, Plaintiff was required to attend two-hour meetings at the restaurant.

16. Plaintiff was not paid at the federally mandated minimum wage for his attendance at such meetings.

17. From January 3, 2008 through February 3, 2009, Plaintiff worked approximately 312 hours for which he was not paid the federally mandated minimum wage.

18. Defendant CARPACCIO knew or should have known that Plaintiff suffered or was permitted to work for Defendant as defined in 29 U.S.C. §203(g).

19. Defendant CARPACCIO failed and/or refused to compensate Plaintiff for such work at the federally mandated minimum wage, contrary to the provisions of 29 U.S.C. §207(a).

20. At all times material hereto, Defendant CARPACCIO knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

21. At all times material hereto, Defendant CARPACCIO failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

## COUNT II
### VIOLATION OF MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT BY DEFENDANTS

22. Plaintiff realleges and reaffirms Paragraphs 1 through 13 as if fully set out in this Count II.

23. During the period of time from January 3, 2008 to February 3, 2009, Plaintiff was required to share his tips with non-tipped employees, which is a violation of the FLSA.

24. As a result of the foregoing, Plaintiff was not paid at the federally mandated minimum wage for all of his work.

25. Defendant CARPACCIO knew or should have known that Plaintiff suffered or was permitted to work for Defendant as defined in 29 U.S.C. §203(g) without being paid the federally mandated minimum wage.

26. Defendant CARPACCIO failed and/or refused to compensate Plaintiff for such work at the federally mandated minimum wage, contrary to the provisions of 29 U.S.C. §207(a).

27. At all times material hereto, Defendant CARPACCIO knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

28. At all times material hereto, Defendant CARPACCIO failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

### PRESUIT DEMAND

29. On January 26, 2011, Plaintiff, through undersigned counsel, sent a written demand to Defendants to pay the amounts owed to Plaintiff. Defendants, however, have failed and refused to pay the amounts owed to Plaintiff.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

30. Plaintiff, by and through his undersigned counsel, hereby demands a jury trial of all issues so triable.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in his favor against Defendants CARPACCIO and BILLANTE as follows:

(a) Declaring, pursuant to 28 U.S.C. §2201 and §2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

(b) Permanently enjoin the Defendants, their agents, officers and employees from engaging in all practices found by this Court to be in violation of the FLSA;

(c) Awarding Plaintiff the federal minimum wage for all hours that he worked for Defendants, but for which he was not compensated at the statutory minimum wage;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 17 day of November, 2011.

LAW OFFICES OF
SANTIAGO J. PADILLA, P.A.

By: _____
Santiago J. Padilla, Esq.
Florida Bar No.: 037478
Attorney for Plaintiff

Law Offices of Santiago J. Padilla, P.A.
1001 Brickell Bay Drive, Suite 1704
Miami, Florida 33131
Tel: (305) 358-1949 / Fax: (305) 358-2141